UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>    v.<br><br>JASON SPICER,<br><br>             Defendant. | Case No. 98-cr-40043-JPG |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Jason Spicer's *pro se* Motion (Doc. 269) for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10.  The Court appointed counsel for Spicer, and said counsel has since moved to withdraw on the basis that she can make no non-frivolous arguments in support of Spicer's request.  (*See* Doc. 312; *see also Anders v. California*, 386 U.S. 738, 744 (1967)).  Despite the allowance of a response period by this Court, (*see* Doc. 313), Spicer did not respond to defense counsel's motion.  Meanwhile, the Government filed a Response (Doc. 314) that agreed with the basic assertions and relief sought by defense counsel.

On August 27, 1998, Spicer pled guilty to one count of conspiracy to distribute crack cocaine and four counts of distribution of crack cocaine.  He was sentenced to a total of 168 months imprisonment, 60-months of supervised release, a $1,000.00 fine, and a $500.00 special assessment.  Spicer served his prison time and was released; however, the Court revoked his supervised release upon violation of its terms. He is currently in prison serving the revocation sentence.  Spicer now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 that he believes could, if retroactively applied, lower his sentencing range and, ultimately, his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2006). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The Court need not address the first of the two criteria, as Spicer obviously fails to meet the second criterion under § 3582(c)(2). With respect to said criterion, the Sentencing Commission's policy statement governing sentence reductions following guideline amendments is contained in U.S.S.G. § 1B1.10. That section provides that the guideline range reduction contained in Amendments 706 and 711 may be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2) to reduce previously imposed sentences with certain limitations. U.S.S.G. § 1B1.10(a)(1) & (c). Thus, the Court now has discretion under 18 U.S.C. § 3582(c)(2) to reduce the sentences of some defendants sentenced for offenses involving crack cocaine.

However, not all defendants whose sentences were based, in whole or in part, on involvement with crack cocaine are eligible for such a reduction. For example, the application notes to U.S.S.G. § 1B1.10(a) plainly provide that a § 3582(c)(2) reduction is *not* authorized where the guideline amendment "does not have the effect of lowering the defendant's . . . guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.1 app. note 1(A).

Spicer is currently imprisoned as the result of a sentence imposed via a revocation proceeding.  Under § 1B1.10, only defendants imprisoned as a result of an "original" sentence qualify for § 3582(c)(2) sentence reduction.  *See* U.S.S.G. § 1B1.10 app. note 4(A) ("Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section.  This section does not authorize a reduction in the term of imprisonment upon revocation of supervised release.").  Thus, a reduction of Spicer's sentence would be inconsistent with the policy statement set forth in U.S.S.G. § 1B1.10 and therefore is not authorized by 18 U.S.C. § 3582(c)(2).

In sum, the Court has no discretion to reduce Spicer's sentence because he is not eligible for such a reduction.  Accordingly, the Court **DISMISSES** Spicer's *pro se* Motion (Doc. 269) for lack of jurisdiction and **GRANTS** defense counsel's Motion (Doc. 312) to withdraw.

The Court **DIRECTS** the Clerk of Court to mail a copy of this Memorandum & Order to Jason Spicer, Reg. #02961-025, FCI Oxford, Federal Correctional Institution, P.O. Box 1000, Oxford, WI 53952.

**IT IS SO ORDERED.**
**DATED: March 30, 2010**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**